■ S. S. SILBERBLATT, INC., et al., Respondents, v. TRAVELERS INDEMNITY COMPANY, Defendant-Appellant, and Third-Party Plaintiff-Respondent. CARL JOHNSON, Third-Party Defendant-Appellant; SHEPARD S. SILBERBLATT et al., Fourth-Party Defendants.— Judgment in favor of plaintiff against defendant Travelers Indemnity Company (Travelers) and by Travelers as third-party plaintiff against Carl Johnson, third-party defendant, unanimously reversed on the law and the facts, and a new trial ordered, with $50 costs to abide the event. The action was to recover under a comprehensive dishonesty, disappearance and destruction policy losses claimed to have been suffered due to the dishonesty of third-party defendant Johnson, an employee of plaintiff S. S. Silberblatt, Inc. The proof at the trial established that Johnson, in conspiracy with others, had been guilty of dishonesty in arranging false entries on payrolls resulting in payments to nonexisting persons and overpayments to others. In August, 1962, plaintiff filed a verified proof of claim containing a list of the names representing the fictitious persons and those who were overpaid showing $69,231.57 as the amount of the loss. At the trial plaintiff was permitted, over objection by appellant, to add eight names of additional fictitious persons under

whose names $27,199.28 had been paid. Moreover, plaintiff was permitted to offer proof that there were consequential damages, such as social security and other taxes, which increased the cost of each employee by about 23%. This latter item resulted in the submission to the jury of an additional claim of $14,507.92. Defendant's objection to the introduction in evidence of these latter two elements of damage rested upon the requirement of the policy that the insured must give notice to the insurer as soon as practicable upon knowledge or discovery of a loss, and must file with the insurer detailed proof of loss within four months after such discovery. It was plaintiff's contention, that when the defendant declined to honor the claim under the original proof of loss, there was a repudiation of liability which released plaintiff from its obligation to adhere to the conditions of the policy. (See *Beckley* v. *Otsego County Farmers Coop. Fire Ins. Co.*, 3 A D 2d 190.) The Trial Justice committed prejudicial error in unconditionally admitting into evidence the additional claims of plaintiff. It should have been left to the jury to determine, under an appropriate charge, whether the insurer had so repudiated its liability as to release plaintiff from its obligation under the policy to give notice of all of its claims and as to whether the insurer had waived its rights to insist upon strict performance of the conditions of the policy. Moreover, the Trial Justice erred in instructing the jury that its verdict must be for $77,587.85 — the full amount claimed by plaintiff — or judgment for defendant. Those instructions took from the jury the right to weigh the evidence as to amount. The jury should not have been put in the position of accepting the testimony of plaintiff's witnesses in its entirety or rejecting that evidence completely. Evidently the instruction of all or nothing disturbed the jury since the jury requested further instructions on that matter. There were issues presented as to the exact amount of plaintiff's recovery. It was for the jury, not the Trial Justice, to determine that issue. Moreover, since we have indicated hereinabove that the jury must also decide whether the additional claims can properly be asserted, the jury's determination on that question will also affect the amount of any verdict. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.